(No. 13983.—Decree affirmed.)

OLLIE MAY KERSEY, Appellant, *vs.* WILLIAM CHARLES LOVELL, *et al.* Appellees.

*Opinion filed October 22, 1921—Rehearing denied Dec. 8, 1921.*

1. WILLS—*what is not a valid objection to admission of certificate of oath of subscribing witnesses.* Although a will contains no attesting clause, the admission of the certificate of the oath of the subscribing witnesses taken upon probate and referring to the will as the "annexed instrument of writing purporting to be the last will and testament of John Lovell," cannot be objected to in a will contest case because the certificate is not physically annexed to the will, where the county clerk testifies the purported will is an original file in his office and that there is only one estate of anyone by the name of the testator in the county court.

2. SAME—*when certificate of oath of subscribing witnesses is sufficient.* It is not a valid objection in a will contest case that the certificate of the oath of the subscribing witnesses does not specifically state to whom the acknowledgment of the will was made, where the certificate states that the witnesses were present, that the testator acknowledged the instrument to be his last will, and that at his request, in his presence and in the presence of each other, they subscribed their names as attesting witnesses.

3. SAME—*when it will be presumed that oath of subscribing witnesses was made at time of probate.* In a will contest case, where there is no evidence as to when the will was probated, the mere fact that the oath of the subscribing witnesses was made nearly a month after the will was filed does not constitute a valid objection, as it must be presumed that the judge of the probate court lawfully performed his duty and that the oath of the witnesses was made when the will was admitted to probate. (*Godfrey* v. *Phillips,* 209 Ill. 584, distinguished.)

4. SAME—*when subscribing witness signs in testator's presence.*
A subscribing witness to a will will be regarded as signing in the
presence of the testator where he stood on the inside of the counter
of the bank where he was cashier and the testator and the other
witness stood on the other side, separated only by latticework, when
the signatures were attached. (*Snyder* v. *Steele,* 287 Ill. 159, and
*Quirk* v. *Pierson,* id. 176, distinguished.)

5. SAME—*when invalid provision may be disregarded.* An in-
valid provision in a will may be rejected and the valid provisions
sustained where the invalidity affects no other provision of the
will and the rejection of the invalid part does not affect the plan
of the testator for the disposition of his estate.

APPEAL from the Circuit Court of Ford county; the
Hon. T. M. HARRIS, Judge, presiding.

SCHNEIDER & SCHNEIDER, (EZRA BAKER, of counsel,)
for appellant.

A. L. PHILLIPS, guardian *ad litem,* FRANK LINDLEY,
and E. J. PACEY, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The bill in this case was filed by appellant to contest
the will of her father and set aside its probate. After
hearing, a decree was entered sustaining the will and its
probate and dismissing the bill, from which decree this
appeal is prosecuted.

John T. Lovell, the testator, executed the will Decem-
ber 19, 1914, and died April 4, 1917. He left surviving
him his widow, Caroline Lovell, and three children. Two
of them were sons, William C. and Burton A., and the
other a daughter, appellant, who is married and has several
children. He left no other heirs-at-law surviving. At the
time of his death the testator owned in fee 320 acres of
farm land in Livingston county, Illinois, and 160 acres in
Brown county, South Dakota. By his will he gave his
widow a life estate in said land, and, subject to her life
estate, he devised to his sons each 160 acres of the Illinois

land in fee, and to his daughter he gave the 160 acres in South Dakota for life with remainder to her heirs.

The grounds of contest alleged in the bill were that the testator was of unsound mind, possessed of insane delusions toward appellant and was unduly influenced by the two sons; also that the will was not properly and legally executed and attested. It was stipulated on the trial before a jury that proponents need not call witnesses on the questions of the testator's sanity, insane delusions or undue influence, as appellant would not claim the will was invalid for any of those reasons.

The will was witnessed by J. F. Schumacher and W. H. Clayton but there was no attesting clause written out. The will was written by the testator himself, and at the bottom of it, following the testator's signature and the words "Witnesses to will," were the names of the witnesses. Proponents offered in evidence the will and a certified copy of the oath and testimony of the subscribing witnesses filed in the county court when the will was admitted to probate. Proponents also offered in evidence the will, and oral proof, which was not contradicted, that except the signatures of the witnesses the instrument was in the handwriting of the testator. Both the certificate of the oath and the will were admitted by the court over the objections of appellant, and it is claimed the ruling was erroneous. The objection to the certificate of the oath of subscribing witnesses is, that it purports to be annexed to the purported will but was not attached or annexed to it or any other paper. We are of opinion there is no real merit in this objection. Although the certificate of the oath of the subscribing witnesses was not physically annexed or attached to the will, it was referred to as the "annexed instrument of writing purporting to be the last will and testament of John Lovell." The county clerk testified the purported will was an original file in his office and that there was only one estate of anyone by the name of John T. Lovell in the county court.

It is further objected that the certificate of the testimony of the subscribing witnesses does not state the will was acknowledged in the presence of the two witnesses but only states the testator acknowledged it as his last will and testament. It is argued it must appear from the oath that the acknowledgment was made in the presence of and to the subscribing witnesses; that such acknowledgment might have been made to someone else and not in the presence of or to the subscribing witnesses. The certificate stated the witnesses were present and the testator acknowledged the instrument to be his last will, and at his request, in his presence and in the presence of each other, they subscribed their names as attesting witnesses. We think this can only mean that the testator acknowledged to the witnesses that the instrument was his last will. One of the attesting witnesses, Schumacher, testified on the trial of this case to the circumstances under which the will was acknowledged and witnessed, and there can be no doubt that the oath was not defective in the respect alleged.

The certificate of the oath of the witnesses when application for the admission of the will to probate was granted, recites the witnesses "believe that the testator was of sound mind and memory" when he signed the will. This, it is alleged, made it fatally defective. The statute (Hurd's Stat. 1917, chap. 148, sec. 2,) requires the witnesses to state on oath or affirmation, among other things, "that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same." Appellant argues that the oath may as well refer to the belief of the witnesses on the question of the testator's sanity at the time the oath was made as to their belief at the time the will was executed, two years and a half before. The oath of the witnesses at the probate of the will was not essential evidence on the issue whether the will was executed in the manner required by law. In the trial of this case appellant stipulated that she would offer no proof on the question of

soundness of mind and does not claim now there is any question about the testator being of sound mind.

It is also contended by appellant that it does not appear from the record when the will was admitted to probate. It was filed April 16, 1917, and the oath of the witnesses was made May 14, 1917. It is argued that it was necessary for the oath to be made before the probate of the will, and the date of the probate of the will not having been shown it may have been probated before the oath was made. We are referred to *Godfrey* v. *Phillips,* 209 Ill. 584. In that case the record showed the will was probated in September and the oath of the witnesses made in October,—almost a month later,—and the court held the testimony could not have been the testimony on the first probate of the will, as the statute requires. The bill in this case alleges the death of the testator April 4, 1917, and that the will was afterward admitted to probate, alleging no date. The answer admitted the will was probated and alleged the date as May 14, 1917, but it does not appear that proof of the date of probate was made on the hearing. We think this objection is not valid. It is nowhere claimed that there was ever but one probate of this will, and the presumption must and does obtain that the judge of the court lawfully performed his duty and that the oath of the witnesses was made when the will was admitted to probate.

Again, it is contended by appellant that the signature to the will was not proven to be the signature of the testator. In addition to the oath of the witnesses referred to, appellees proved the whole writing, except the signatures of the witnesses, was in the handwriting of the testator. We think this objection without merit.

The court permitted Schumacher, one of the attesting witnesses, to testify to the circumstances of signing the will himself and of the other witness. He testified that the testator, Clayton, the other witness, and himself, were present when the witnesses attested the will; that the testator

came to the bank where the witness was cashier, with the will, and asked him if he would witness it; that the testator and Clayton stood outside of the bank counter and the witness stood inside; that above the counter was a lattice-work with openings more than an inch large, and a door in it about one and a half by three feet. Witness and Clayton signed the will as witnesses in the presence of the testator and of each other. On the authority of *Snyder* v. *Steele,* 287 Ill. 159, and *Quirk* v. *Pierson,* id. 176, it is insisted that the testimony was erroneous and should not have been admitted. The facts considered in those cases were so entirely different from this case that those decisions are not applicable. Here it is impossible that the witnesses were out of the presence of the testator if the parties were situated as the testimony showed. The bill does not allege that the witnesses were not in the presence of the testator when they attested the will.

The will contained, below the signature of the testator, the sentence, "No lawyer is be employed in this will," and appellant contends this is contrary to public policy and renders the will invalid. Conceding that provision itself is invalid, its rejection does not affect the plan of the testator for the disposition of his estate and invalidates no other provision of the will. In such cases the invalid provision will be rejected and the valid provisions sustained. *Lawrence* v. *Smith,* 163 Ill. 149; *Eldred* v. *Meek,* 183 id. 26.

Appellant offered no testimony on the trial of the case, and we are of opinion the court was justified in directing a verdict for the proponents. *Buchanan* v. *McLennan,* 105 Ill. 56; *Hart* v. *Parr,* 168 id. 459; *Johnson* v. *Johnson,* 187 id. 86.

The decree is affirmed.

*Decree affirmed.*